**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CRISTINA ESCORCIA MONTANO,

        Plaintiff,

                              Case No.

v.

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

_____/

**PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff, by and through counsel, and for her Complaint against Defendant, Midland Credit Management, Inc., respectfully alleges as follows:

## I.    INTRODUCTION

1. Plaintiff, Cristina Escorcia Montano, a Florida resident, brings this action under Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), against Defendant, Midland Credit Management, Inc., for violations of the Fair Debt Collection Practice Act 15 U.S.C. § 1692 et seq. (FDCPA) which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and makes them liable under 15 U.S.C. § 1692k.

## II.    PARTIES

2. Plaintiff, Cristina Escorcia Montano, is a "consumer" as defined by 15 U.S.C. § 1692a(3). Plaintiff is a natural person. Plaintiff is a resident of the State of Florida.

3. Defendant, Midland Credit Management, Inc. ("MCM"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, Midland Credit Management, Inc. is a foreign corporation doing business at all relevant times in Florida, and may be served

with process by serving its registered agent, Midland Funding LLC, at 13008 TELECOM DRIVE STE 350, TAMPA, FL 33637, which service is hereby requested.

### III.   VENUE AND JURISDICTION

4. Personal jurisdiction exists over Defendant, MCM, as the Defendant has the necessary minimum contacts with the State of Florida, and this suit arises out of Defendant's specific conduct with Plaintiff in Florida. All the actions described in this complaint occurred in Miramar, Florida.

5. Venue is proper as Defendant, MCM, does business in this judicial district.

### IV.   FACTUAL BACKGROUND

6. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

7. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5) is an alleged debt that arose from a transaction entered into primarily for personal, family, and household purposes.

8. Defendant is a debt collection company that engages in the business of debt collection. Defendant's principal business purpose is the collection of defaulted debts, and uses various instruments of interstate commerce to accomplish debt collection, including sending letters, calling on the phone, credit reporting, filing lawsuits, etc. For the purposes of this action, Defendant is classified as a "debt collector" under the provisions of the FDCPA, specifically 15 U.S.C. § 1692a(6).

9. Defendant is engaged in the collection of debt from consumers using the mail, electronic communication (such as emails and SMS), and by telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to another.

10. MCM acquired the account from Credit One Bank, N.A.

11. Plaintiff received an email without prior solicitation or consent from MCM, on January 3, 2026, in an attempt to collect an alleged debt originally owed to Credit One Bank, N.A. in the amount of $654.02.

12. On January 31, 2026, Plaintiff responded in writing stating, "I refuse to pay this debt", see Exhibit 1.

13. Despite the clear refusal to pay, in an attempt to intimidate, harass, and oppress Plaintiff, on January 4, 2026, MCM made subsequent communication attempting to collect this alleged debt by calling Plaintiff from 888-370-9839, see Exhibit 2.

14. MCM called Plaintiff again on January 5, 2026, from 888-370-9839, see Exhibit 3, in an attempt to collect this alleged debt.

15. MCM called Plaintiff again on January 6, 2026, from 888-370-9839, see Exhibit 4, in an attempt to collect this alleged debt.

16. The refusal to pay was not limited to just email communications, but to all communications from MCM in an attempt to collect the alleged debt.

17. This communication was sent to confuse, harass, and deceive the Plaintiff.

18. When a consumer notifies the company in writing of their refusal to pay, the company shall not communicate further unless it meets one of the exceptions according to 15 U.S.C. § 1692c(c).

19. Defendants did not meet any of the three exceptions under which they can continue to communicate with the Plaintiff, thus violating the Plaintiff's rights.

20. Plaintiff has suffered actual damages as a result of these illegal collection tactics by the Defendant in the form of invasion of privacy, personal embarrassment, loss of productive time, emotional distress, frustration, anger, humiliation, and other negative emotions.

21. As a direct and proximate result of Defendants' willful, malicious, reckless, wanton, and or negligence, as mandated by the FDCPA, Plaintiff has been harmed, as explained above.

### V.    MCM'S VIOLATIONS OF 15 U.S.C § 1692 et seq.

22. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

23. Defendants' violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C § 1692c(c) by communicating with the Plaintiff with respect to a debt after a refusal to pay was sent in writing.

(b) Defendants violated 15 U.S.C § 1692d by making subsequent communications to the Plaintiff attempting to collect the alleged debt in order to harass her.

24. Defendant failed to reasonably comply with the Plaintiff's dispute as shown previously. Defendant knew the Plaintiff had refused to pay but chose to dismiss the Plaintiff's rights under the FDCPA and pursue debt collection activity regardless.

25. Defendants' actions violated 15 U.S.C. § 1692c and 15 U.S.C. § 1692d and render them liable for actual and statutory damages and costs under 15 U.S.C. § 1692k.

26. At all times pertinent hereto, Defendants' conduct was willful and carried out in reckless disregard for a consumer's right as set forth under the Fair Debt Collection Practices Act.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully submitted on February 16, 2026:

*/s/ Miranda Jackson*
Miranda Jackson, Esq.
FBN 0098593
Attorney for Plaintiff
Your Good Lawyers
501 N Magnolia Ave
Orlando, FL 32801
(407) 710-0130
civil@yourgoodlawyers.com

EXHIBIT 1

 Gmail

**Fwd: Reduced Payments are Available, Login to Access**

1 message

**Cristina Escorcia** <cres⬛⬛⬛⬛⬛⬛                Wed, Feb 4, 2026 at 9:59 AM
To: civil@yourgoodlawyers.com

Sent from my iPhone

Begin forwarded message:

> **From:** Cristina Escorcia <cres⬛⬛⬛⬛⬛⬛
> **Date:** January 31, 2026 at 5:24:12 PM EST
> **To:** mcm@midlandcredit.com
> **Subject: Re: Reduced Payments are Available, Login to Access**
>
> I refuse to pay this debt

Sent from my iPhone

> On Jan 3, 2026, at 3:51 PM, MCM <mcm@em.midlandcredit.com> wrote:

To view this email as a web page, click here

This is a private message for CRISTINA ESCORCIA MONTANO regarding a personal business matter. If you are not CRISTINA ESCORCIA MONTANO, please close this email message now.

 Midland Credit Management®            🔒 Look Up Your Account

# You have an obligation to resolve this.

Dear CRISTINA,

We have been trying to contact you regarding your outstanding obligation of $654.02. As the legal owner of your CREDIT ONE BANK, N.A. account, if we don't hear from you or receive payment,

we will review your account for further collection activities.

ACT NOW!                    ACT NOW!

Though your account has been charged-off and sold, the underlying promissory obligation remains valid, due, and owing.

Tim Bolin
Division Manager

We are not obligated to renew any offers provided.

## We Are Here To Help







**Chat with an
Account Manager**

**Look Up Your
Account**

**Call Us at
(866) 896-8713**

**Hours of Operation:**   Mon-Fri: 8am - Midnight ET |
Sat-Sun: 8am - 7:30pm ET







Important Disclosure Information

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Please continue scrolling until the bottom of this email so you can read all applicable important information, including state-specific disclosures.

Calls to and/or from this company may be monitored or recorded.

Basic Information

**Original Creditor:** CREDIT ONE BANK, N.A.
**Original Account Number:** xxxxxxxxxxxx1251
**Charge-Off Date:**2023-05-15
**Current Servicer:** Midland Credit Management, Inc.
**Current Creditor (the sole owner of this debt):** Midland Credit Management, Inc.
**MCM Account Number:** 322▨▨▨▨

Important Contact Information

**Send Payments to:**
Midland Credit Management, Inc.
320 E Big Beaver Rd., Suite 300
Troy, MI 48083

**Send disputes or an instrument tendered as full satisfaction of a debt to:**
Attn: Consumer Support Services
320 E Big Beaver Rd., Suite 300
Troy, MI 48083
You may also call: (866) 896-8713

**Physical Payments for Colorado Residents:**
Colorado Manager, Inc.
1375 Ken Pratt Blvd., Suite 300A
Longmont, CO 80501
Phone (303) 920-4763

**We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:**

**NMLS ID:** 934164

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:** California Debt Collection License #10644-99.

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not

be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit # 119505601, # 119500908, #119506854, #119502738, #119506372, #119500436, #119500840, #119505741. Midland Credit Management, Inc. 350 Camino de la Reina, Suite 100, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

LTCD: M010R2ONC



**MCM**
350 Camino de la Reina, Suite 100
San Diego, CA 92108

This message was sent to CRES⬛⬛⬛⬛⬛⬛⬛⬛⬛ from an unmonitored email address. Please do not reply to this message.

If you no longer wish to receive this email, <u>click here to unsubscribe or manage your preferences.</u>

To ensure timely delivery of emails from MCM, please add us to your contacts.

*ACA International and its design are trademarks owned by ACA International.*

EXHIBIT 2



EXHIBIT 3



EXHIBIT 4

